UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES JOSEPH JULUKE, JR., )
an individual, )
 )  CASE NO.: 1:22-cv-234
      Plaintiff, )
vs. )
 )
DURGA HOTELS LLC, )
a Florida Limited Liability Company, )
 )
      Defendant. )
_____ )

# COMPLAINT

Plaintiff, JAMES JOSEPH JULUKE, JR., through his undersigned counsel, hereby files this Complaint and sues DURGA HOTELS LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"), and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Northern District of Florida.

3. Plaintiff, JAMES JOSEPH JULUKE, JR. (hereinafter referred to as "MR. JULUKE" or "Plaintiff"), is a resident of the State of Texas in Tarrant County.

4. MR. JULUKE is a qualified individual with a disability under the ADA. In 1994, MR. JULUKE suffered an injury to his spinal cord resulting in trauma to his T-10 vertebrae. MR. JULUKE is a paraplegic and is disabled.

5. MR. JULUKE's disability, at all times material hereto, impairs his ability to walk, stand and bend, all major life activities, and requires him to use a wheelchair to ambulate.

6. Defendant DURGA HOTELS LLC, a Florida Limited Liability Company (hereinafter "Defendant"), is registered to do business in the State of Florida. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: Super 8 Motel, generally located at 4202 SW 40th Blvd, Gainesville, FL 32608 (referred to herein as the "Property"). Defendant is responsible for complying with the ADA.

7. All events giving rise to this lawsuit occurred in the Northern District of Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9. The Property, a motel, is open to the public and provides goods and services to the public.

10. Earlier this month, Plaintiff visited the Property and attempted to utilize the goods and services offered at the Property. Specifically, Plaintiff was a guest of the motel from September 8, 2022 through September 11, 2022, while he was in town to attend a University of Florida football game and visit with family.

11.   However, during his stay at the Defendant's Property, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12.   Despite the accessibility issues, Plaintiff continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein.

13.   Plaintiff plans to and will visit the Property in the near future to utilize the goods and services offered thereon during his next visit to the Gainesville area when he plans to attend another University of Florida football game.  The Defendant's Property offers reasonably priced rooms and is conveniently located just four (4) miles from the stadium or about a ten (10) minute drive.

14.   Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access discussed below, which were personally encountered by and which hindered Plaintiff's access to the Property due to the following:

    A.   Plaintiff encountered and personally observed that all of the parking spaces designated for disabled use in the parking lot are inaccessible due to a failure to provide adjacent access aisles for loading and unloading.  This subjected Plaintiff to undue risk when getting into and out of the vehicle due to the lack of a safe area to transfer from his vehicle to his wheelchair as required by Rule 502.3 of the ADA Standards.

    B.   Plaintiff encountered and personally observed that several of the parking spaces designated for disabled use in the parking lot are inaccessible due to inadequate signage due to a failure to mount the signs at a height where they

will not be obscured by parked vehicles per Rule 502.6 of the ADA Standards. This causes drivers confusion and they have difficulty locating the disabled parking spaces when the signs are obscured.

C. Plaintiff encountered inaccessible doorways/entrances to the Property in violation of Rules 402.2, 404.2.3 and 404.2.5 of the ADA Standards. Specifically, the rear entrance closest to the guestrooms has a step-up without a ramp and consequently is not usable by the Plaintiff. Additionally, the main entrance to the lobby, which is the only other public entrance into the building, is extremely narrow and difficult for Plaintiff to maneuver through without scraping his wheels on the doorframe. This entry also has a broken threshold lip/gap which further complicates its use by the Plaintiff.

D. Plaintiff encountered an inaccessible lobby front desk counter due to excessive height to the point that Plaintiff was unable to conveniently transact business in violation of Rule 904.4 of the ADA Standards.

E. Plaintiff encountered inaccessible sidewalk routes from the parking designated for disabled use to the Property entrances due to curb ramps with excessive slopes in violation of Rules 405.2 and 406.3 of the ADA Standards; and obstructions along the sidewalk which restrict the clear width to less than 32 inches in violation of Rule 403.5 of the ADA Standards. These issues made it more difficult for Plaintiff to maneuver throughout the Property and increased his risk of a fall.

      F.      Plaintiff encountered an inaccessible restroom within his guestroom due to improper mounting configuration of the grab bars around the toilet in violation of Rule 604.5 of the ADA Standards; improper flush handle location at the top of the toilet tank instead of the open side of the tank per Rule 604.6 of the ADA Standards; and a failure to wrap the pipes under the sink with insulating material per Rule 606.5 of the ADA Standards.  These issues made it more difficult for Plaintiff to use the restroom without assistance and increased his risk of a fall.

      G.      The hallway routes throughout the Property contain inaccessible thresholds due to vertical lip heights in excess of ¼ inch at transition points from tile to carpeted areas in violation of Rules 303.2 and 403.4 of the ADA Standards. This issue made it more difficult for Plaintiff to maneuver throughout the Property and increased the risk that he could snag his wheelchair wheels on the lips causing injury.

15.    Upon information and belief, there are other current violations of the ADA and ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

16.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17.    Independent of his intent to return as a patron of the Property for its convenient location and reasonable prices, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

5

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B. That the Court enters an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court awards reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

By: _/s/ Louis I. Mussman_
Louis I. Mussman

        Attorney-in-charge
        Florida Bar No. 597155
        Ku & Mussman, P.A.
        18501 Pines Boulevard, Suite 209-A
        Pembroke Pines, FL 33029
        Tel: (305) 891-1322
        Fax: (954) 686-3976
        Louis@KuMussman.com